FILED
SUPERIOR COURT
OF GUAM

2023 NOV -1 PM 5: 16

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MARCIANO V. PANGILINAN, JR., | CIVIL CASE NO. CV0208-23 |
| Plaintiff, | |
| vs. | **DECISION AND ORDER** |
| PAULINE MARIE UNTALAN, | Re: Defendant's Motion to Dismiss |
| Defendant. | |

This matter came before the Honorable Arthur R. Barcinas for a motion hearing on July 18, 2023, on a Motion to Dismiss filed by Defendant Pauline Marie Untalan ("Defendant") on April 25, 2023. Defendant was present with counsel Attorney Rachel Taimanao-Ayuyu. Plaintiff Marciano V. Pangilinan, Jr. ("Plaintiff") did not appear. At the hearing, the Court disclosed its acquaintance with both parties, but noted that it would not affect the Court's ability to hear the matter. Defendant did not object, but the Court issued an Order for any objections to be filed by Plaintiff on or before August 1, 2023. The Court took the matter under advisement on August 2, 2023. Upon consideration of the briefs and arguments at hearing, the Court hereby **GRANTS** Defendant's motion.

## BACKGROUND

The parties were previously divorced in Superior Court Case No. DM0683-18, following a bench trial in which the Hon. Elyze M Iriarte found that the parties owned as community property Lot No. P19.1 A-6, Afame, Sinajana, Guam, Estate No. 10697 and Lot No.

P19.1 A-7, Sinajana, Guam, Estate no. 5114 (collectively, "Afame"). Judge Iriarte further found that the parties owned the following real properties as joint tenants with rights of survivorship: 1) Lot No. A-4-1, Piti, Guam, Estate No. 18926 ("The Park"); 2) Lot No. 223-6-NEW-2-2-2-3, Piti, Guam ("Mama Sandy"), and; 3) Lot No. 12, Unit No. 5, Tract No. 318, Piti ("San Hilo"). Judge Iriarte determined that: the parties' Afame community property would be sold, the proceeds of which would pay for community debt in mortgages for Afame and San Hilo, as well as reimbursement to Defendant for payments toward the community debts from Defendant's separate properties; Defendant was entitled to past spousal support in the amount of approximately $39,000.00, and; Defendant was entitled to ongoing monthly support of $2,500.00.

On March 29, 2023, Plaintiff filed the instant Complaint, alleging that he is entitled to a partition of sale of all the real property held in joint tenancy, and that because it is not practicable or equitable to partition the real property, the real property should be sold and the proceeds be used to pay any encumbrances on the properties, as well as the costs and expenses of the instant action and the sale, with the remainder divided between the parties in proportion to their respective interest.

On April 25, 2023, Defendant filed the instant Motion to Dismiss pursuant to Guam R. Civ. P. 12(b)(6), alleging that Plaintiff has no claim for which relief can be granted because the distribution of property was already accomplished by Judge Iriarte's interlocutory order, and Plaintiff's complaint is thus barred by estoppel from relitigating the distribution of properties.

On June 14, 2023, Plaintiff filed his opposition, alleging that the Complaint is not estopped by claim preclusion because Judge Iriarte did not address the partition of the parties' joint tenancy.

On July 17, 2023, Defendant filed her reply, stating that the Court lacks jurisdiction to partition community property and that the domestic court should retain jurisdiction over the remaining joint properties.

The Court heard oral arguments on the instant motion on July 18, 2023, and took the matter under advisement on August 2, 2023, having heard no objection from Plaintiff.

## DISCUSSION

Pursuant to Guam R. Civ. P. 12(b)(6), a party may move for dismissal for failure to state a claim for which relief can be granted. The Court must construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor. *Ukau v. Wang*, 2016 Guam 26 ¶ 51. Dismissal is appropriate only when the non-moving party can prove no set of facts in support of their claim which would entitle them to relief. *Id.*

The doctrine of *res judicata* gives a conclusive effect to prior judgments by barring subsequent litigation of the same controversy. *San Nicolas v. Birn*, 2022 Guam 8 ¶ 24. A claim is precluded where an identical cause of action has been litigated, even if incorrectly adjudged. *Id.* Claim preclusion exists where there is: (1) a judgment or final order on the merits in an earlier suit; (2) an identity of the causes of action in both the earlier and later suit, and; (3) an identity of the parties or their privies in the two suits. *In re Aguon*, 2013 Guam 4 ¶ 23; 6 GCA § 4209(2).

The Court finds that Judge Iriarte's Interlocutory Judgment of Divorce filed on March 19, 2021 constitutes a final judgment on the merits, and neither party disputes that the parties in this suit are identical to the parties in Domestic Case No. DM0683-18. Therefore, the only remaining issue is whether the cause of action in the prior suit is identical to the instant suit.

The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts. *Id.* ¶ 32 (citing *Reyes v. First Net Ins. Co.*, 2009 Guam 17 ¶ 26). As the instant case arises out of a dispute over the final judgment of DM0683-18, the Court effectively finds it to be a continuing dispute of the same transactional nucleus of facts as the previous case, and finds the claims to be identical. Furthermore, instead of opposing Defendant's claim preclusion argument, Plaintiff merely continues to argue for partition under a joint tenancy theory. *Res judicata* prevents litigation of a claim that was not litigated in a previous suit, but could have been. *San Nicolas*, 2022 Guam 8 ¶ 34.

There being a final judgment, an identity of causes, and an identity of parties, the Court finds that claim preclusion exists, and that Plaintiff thus has no claim for which relief can be granted in this case.

## CONCLUSION

The Court **GRANTS** Defendant's Motion to Dismiss, on the grounds that Plaintiff has failed to state a claim for which relief can be granted.

**IT IS SO ORDERED** _____ NOV 0 1 2023 _____ .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
M. Pangilinan (Pro Se),
R. Aguigui Taimanao-Aguyu
Date: 11/1/23 Time: 5:23pm
Antonio P. Cruz
Deputy Clerk, Superior Court of Guam